# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

|  |  |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC. | Civil Action No. _____ |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| BRIGITTA BIRO d/b/a BABIE B, | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

Plaintiffs Luv n' care, Ltd. ("LNC") and Admar International, Inc. ("Admar") (collectively "Plaintiffs"), file this complaint:  (1) under 35 U.S.C. § 271 for Patent Infringement; (2) under 17 U.S.C. § 501 for Copyright Infringement; (3) under Section 43(a) of the Lanham Act , 15 U.S.C. § 1125(a), for Trade Dress Infringement and Federal Unfair Competition; and (4) for Unfair Competition pursuant to the Texas Common Law against Defendant Brigitta Biro d/b/a Babie B ("Babie B") and further allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters.

### THE PARTIES

1. Plaintiff LNC is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2. Plaintiff Admar is a corporation organized and existing under the laws of the State of Delaware and is an affiliate of Plaintiff LNC.

3. Upon information and belief, Defendant Brigitta Biro is an individual residing at 9720 Zelzah Ave. #204, Northridge, CA 91325. Upon further information and belief, Defendant Brio is d/b/a Babie B with a location at 9720 Zelzah Ave. #204, Northridge, CA and/or from an unknown address located in Valencia, CA 91354. Defendant Brio, upon further information and belief, is the owner of the domain name registration for the internet site at www.babieb.com.

### NATURE OF THE ACTION, JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for patent infringement, 35 U.S.C. § 271, copyright infringement, 17 U.S.C § 501, trade dress infringement and unfair competition, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition under the common law of Texas.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright, Patent and Trademark Laws of the United States and the assertion of the unfair competition claim is joined with a substantial and related claim under the Trademark Laws of the United States.

6. The Court has personal jurisdiction over the Defendant because (1) Plaintiffs' claims arise in whole or in part out of Defendant's conduct in Texas and (ii) Defendant is subject to personal jurisdiction under the provisions of the Texas Long Arm Statute, TX CIV PRAC. & REM CODE §17.041 *et seq.*, by virtue of the fact that, upon information and belief, Defendant has availed herself of the privilege of conducting and soliciting business within this State, including engaging in at least a portion of the infringing acts alleged herein through the sales and marketing of infringing products in this State. The allegations and claims set forth in this action

arise out of Defendant's infringing activities in this State, as well as by others acting as Defendant's agent and/or representative, such that it would be reasonable for this Court to exercise jurisdiction consistent with the principles underlying the U.S. Constitution and would not offend traditional notions of fair play and substantial justice.

7. Upon further information and belief, Defendant has also established minimum contacts with this District and regularly transacts and does business within this District, including advertising, promoting and selling products over the internet, through intermediaries, representatives and/or agents such as Amazon.com, Inc. and/or Amazon.com, LLC, located within this District, that infringe Plaintiffs' patent, copyright and trade dress rights, which products are then sold, packaged and shipped directly to citizens residing within this State and this District. Upon further information and belief, Defendant has purposefully directed activities at citizens of this State and located within this District.

8. Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400 because a substantial part of the events giving rise to the claims in this action occurred in this District and Defendant's agent, Amazon.com, Inc. and/or Amazon.com, LLC, resides or may be found in this District.

**FACTS**

9. Plaintiff LNC has, for many decades, been a designer and seller of innovative, high quality products for use by babies, young children, mothers and fathers. Many of Plaintiff LNC's innovative products are the subject of numerous patents granted in the United States and abroad. Based on its innovative and high quality designs, Plaintiff LNC is now known as one of the leading baby product companies in the world.

10. Plaintiff LNC's products, together with its brand, Nûby™, are well known and sold throughout the United States, including within the territory of the Eastern District of Texas, by many national retailers including Wal-Mart, Toys "R" Us, Babies "R" Us, Target and others.

11. Plaintiff LNC's products are sold over the internet by national retailers in the United States and can also be found on Amazon.com.

12. Plaintiff LNC's products are also sold in over 150 countries.

13. Plaintiff LNC enjoys a good reputation with consumers, both in the United States and internationally, for innovative and high quality product designs.

14. Plaintiff LNC's products are among the most popular and well known products in the baby products industry and those products are famous throughout the United States and worldwide.

15. Among the numerous products conceived, designed, produced and sold by Plaintiff LNC are feeding spoons constructed of materials of multiple hardnesses. In these feeding spoons, for example, the bowl of the spoon includes softer material surrounding the outside periphery of a harder material on its surface. This construction provides numerous advantages including, for example, the softer material provides comfort to a baby's tender gums, mouth and lips while eating, and the harder material provides rigidity to the spoon. These feeding spoons are also known as hard/soft spoons and include the innovative Nûby™ Hot Safe Feeding Spoon.

16. On September 24, 2002, the United States Patent and Trademark Office ("PTO") duly and legally issued U.S. Patent No. 6,453,562 (the "'562 patent"), entitled "Baby Spoons and Method of Manufacture." The '562 patent issued from a United States Patent Application Serial

No. 09/353,904 filed July 15, 1999. A true and correct copy of the '562 patent is attached as Exhibit A.

17. Subsequently, the PTO duly and legally issued two additional patents, U.S. Patent No. 6,647,828 (the "'828 patent") and U.S. Patent No. No. 6,848,339 (the "'339 patent'), relating to hard/soft spoon products.

18. As disclosed in the '562 patent, the preferred embodiment of the invention is directed to a baby spoon which includes a soft material component and a hard material component. The soft material component is used on the portions of the baby spoon which come in close contact with the baby's gums, mouth and skin. The harder material component provides the backbone of the spoon and provides structural rigidity to both the handle and the bowl of the baby spoon.

19. Depicted below is Figure 1 taken from the '562 patent (Exhibit A) showing the top outer surface of the feeder spoon.



20. Depicted below is Figure 6(a) taken from the '562 patent (Exhibit A) depicting a cross-sectional view of the bowl of the baby spoon showing the soft and hard materials.



21. The invention of the '562 has been manufactured, imported, used, offered for sale and sold by Plaintiffs since at least the July 15, 1999 filing date of the United States patent application.  One well known commercial embodiment of the '562 patent that has been on the market in the United States for more than a decade is the Nûby™ Hot Safe Feeding Spoon, depicted below, and as further shown in a series of photographs attached as Exhibit B.



22. In the commercial embodiment of the '562 patent as represented by the patented Nûby™ Hot Safe Feeding Spoon, the outer band constitutes the soft material component of the spoon.  The inner band of the spoon, whether it is orange, blue, green, pink or some other color, constitutes the hard material component that is the backbone of the spoon providing structural rigidity to the spoon.  As depicted above, the soft material surrounds the outer periphery of the bowl of the spoon and extends down a portion of the outer periphery of the handle portion of the spoon.

23. Plaintiff Admar is the owner by assignment of the entire right, title and interest in and to the '562 patent.  Plaintiff LNC is engaged in the importation, use, offer for sale and sale within the United States of the patented Nûby™ Hot Safe Feeding Spoon incorporating the claimed invention of the '562 patent under license with Plaintiff Admar.

24. In addition to the '562 patent, Plaintiff Admar is the owner of a copyright for the Nûby™ Hot Safe Feeding Spoon.  On March 1, 2016, Plaintiff Admar filed a copyright application with the Registrar of the United States Copyright Office for the Nûby™ Hot Safe Feeding Spoon.  A true and correct copy of the copyright application as filed is attached as Exhibit C.

25.  Depicted below are three photographs of the Nûby™ Hot Safe Feeding Spoon (front, back and profile) taken from Exhibit C that were submitted along with the copyright application showing some of the unique, non-utilitarian, non-functional, ornamental and copyrightable features incorporated into the Nûby™ Hot Safe Feeding Spoon.



26. Plaintiff Admar has delivered the necessary deposit, copyright application for registration and fee to the Copyright Office in proper form which registration has since been wrongfully refused registration by the Copyright Office.

27. Plaintiff Admar contests denial of its right to a copyright registration for the Nûby™ Hot Safe Feeding Spoon. In accordance with 17 U.S.C. § 411(a), Plaintiff Admar will serve a copy of this Complaint, as filed, upon the Registrar of Copyrights.

28. Plaintiff LNC is authorized and has permission from Plaintiff Admar to use its copyright in the Nûby™ Hot Safe Feeding Spoon.

29. Over the years, the Nûby™ Hot Safe Feeding Spoon has been and is presently advertised, marketed, promoted and sold by national retailers including Toys "R" Us and other retail outlets located throughout the United States. The Nûby™ Hot-Safe Feeding Spoon has been on sale in the United States for over a decade and is also available for purchase over the internet. An internet search for feeding spoons would have quickly disclosed the existence and ready availability of the Nûby™ Hot-Safe Feeding Spoon. Due to its nationwide availability, Defendant has had ready access to the Nûby™ Hot Safe Feeding Spoon for purposes of copying the design and patented features of this product.

30. In addition to the '562 patent and the copyright, Plaintiff LNC is the creator, designer, and owner of the product configuration trade dress for the Nûby™ Hot Safe Feeding Spoon ("the Nûby™ Spoon Trade Dress") which consists of at least the following original and distinctive features: (1) the overall shape and profile of the spoon; (2) the use of a two-tone color scheme to distinguish between the soft outer material and the inner hard material making up the bowl and backbone of the spoon; (3) the use of the softer material to encompass the outer peripheral edge of the bowl of the spoon and extending down the sides of the face of the spoon

and disappearing approximately one-third of the way from the bottom of the spoon; (4) the shape of the hard material for the bowl of the spoon; (5) the respective shapes of the hard and soft materials on the back of the spoon; (6) the extension of the soft material from the front handle portion to the back handle portion of the spoon; and (7) the use of a bump or protrusion on the back of the spoon at the interface between the hard material and the soft material.

31. The Nûby™ Spoon Trade Dress is nonfunctional.

32. The Nûby™ Spoon Trade Dress incorporated in the Nûby™ Hot Safe Feeding Spoon has continuously been sold in the United States since at least as early as the July 15, 1995 filing date of the United States patent application that issued as the '562 patent.

33. The Nûby™ Spoon Trade Dress is inherently distinctive and/or has acquired secondary meaning in associating the Nûby™ Spoon Trade Dress with products originating with and/or sourced with Plaintiff LNC including the Nûby™ Hot Safe Feeding Spoon.

34. Defendant Babie B, without license, permission, or authority from Plaintiffs, is importing, using, offering for sale, promoting, advertising and selling within the United States a feeding spoon product known as the "Babie B - BEST Baby Feeding Spoons BPA Free Non-Stick-Soft Tip-Eco Friendly-High Quality-Ergonomic Design-Color Changing-Heat Sensitive-Curved-Gift Set-Lifetime Guarantee" ("Babie B Feeding Spoons").  A photograph depicting the Babie B Feeding Spoons, taken from Defendant's website at www.babieb.com, is attached as Exhibit D.

35. Immediately below are photographs of the Babie B Feeding Spoons (front and profile).



36. In the Babie B Feeding Spoons depicted above, the orange and blue colors identify the soft material of the spoon. The white color identifies the hard material making up the backbone of the spoon and providing structural rigidity to the spoon.

37. The Babie B Feeding Spoons are advertised, promoted, offered for sale and sold in direct competition with the patented Nûby™ Hot Safe Feeding Spoon.

38. The screen shot taken from the Babie B website, www.babieb.com, attached as Exhibit D, prominently discloses the availability of the Babie B Feeding Spoons for purchase on Amazon.com as follows:

**BUY NOW!  ([HTTP://WWW.AMAZON.COM/DP/B00TGHX13G](HTTP://WWW.AMAZON.COM/DP/B00TGHX13G))**

The Babie B website also includes a hyperlink to the Amazon.com web page for any visitor wishing to purchase the Babie B Feeding Spoons.

39. Attached as Exhibit E is a screen shot of the Amazon.com webpage where the Babie B Feeding Spoons are offered for sale and sold. This is the webpage on Amazon.com to which a consumer is directed from the hyperlink located on Defendant's babieb.com website.

40. The Amazon.com web page for the Babie B Feeding Spoons confirms that it is "Sold by BabieB" and that the order is "Fulfilled by Amazon." Upon information and belief, Defendant Babie B has provided Amazon.com with the Babie B Feeding Spoons product which Amazon.com, acting as Defendant's agent, has placed in inventory and from which orders are fulfilled as they are received by Amazon.com. Upon further information and belief, Amazon.com maintains a place of business within this District including a fulfillment center from which orders for the Babie B Feeding Spoons are filled.

41. On February 5, 2016, Plaintiff LNC placed an order through the Amazon.com website for the Babie B Feeding Spoons. Plaintiff LNC thereafter received the Babie B Feeding Spoons from Amazon.com. Attached as Exhibit F is a copy of the shipping invoice accompanying the Babie B Feeding Spoons received from Amazon.com. The shipping invoice confirms that the Babie B Feeding Spoons are sold by Babie B.

42. Attached as Exhibit G are photographs of the front and back of the Babie B Feeding Spoons package ordered and received from Amazon.com. The package labeling confirms Babie B as the vendor of the Babie B Feeding Spoons, identifies the Babie B website (babieb.com), and indicates an address in Valencia, CA 91354. The packaging further confirms that the Babie B Feeding Spoons are manufactured in China.

43. The Babie B Feeding Spoons imported, offered for sale and sold by Babie B are a copy of the Nûby™ Hot Safe Feeding Spoon and infringe Plaintiffs' patent, copyright and trade dress rights.

44. Depicted below are photographs of the Nûby™ Hot Safe Feeding Spoon next to the infringing Babie B Feeding Spoons showing front and side views. Notwithstanding the transposition of colors – Plaintiff LNC uses white for the soft material and color for the hard material while Defendant Babie B uses color for the soft material and white for the hard material – the features and designs of the two feeding spoon products are identical. For purposes of Plaintiffs' claims, the colors are immaterial.



45. Defendant's Babie B Feeding Spoons directly infringe at least independent claims 1, 16 and 30 of the '562 patent.

46. Plaintiff LNC has complied with the marking requirements of 35 U.S.C. § 287 with respect to products covered by the '562 patent, including the Nûby™ Hot Safe Feeding Spoon.

## FIRST CLAIM FOR RELIEF – PATENT INFRINGEMENT
## (35 U.S.C. § 271)

47. Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in paragraphs 1 through 46, above.

48. In violation of 35 U.S.C. § 271, Defendant has and will continue to directly infringe, one or more claims of the '562 patent by importing, using, offering for sale, and/or selling the Babie B Feeding Spoons in the United States.

49. Upon information and belief, Defendant will continue to infringe the '562 patent unless enjoined by this Court.

50. Defendant does not have a license or permission to use the '562 patented invention.

51. As a result of Defendant's infringement of the '562 patent, Plaintiffs have suffered and will continue to suffer damages, in an amount yet to be determined, including damages due to loss of sales, profits, and potential sales that Plaintiffs would have made but for Defendant's infringing acts including but not limited to the right to receive not less than a reasonable royalty for Defendant's infringement.

52. As a further result of Defendant's infringement of the '562 patent, Plaintiffs are being irreparably injured, and will continue to suffer additional irreparable injury, unless and until Defendant is enjoined by this Court.  Plaintiffs are entitled to an award of permanent injunctive relief prohibiting the further importation into, use, offer for sale and sale by Defendant of the Babie B Feeding Spoons and/or any colorable imitation thereof in the United States pursuant to 35 U.S.C. § 283.

53. Upon information and belief, Defendant's infringement of the '562 patent is and has been willful and in reckless disregard of Plaintiffs' '562 patent. Plaintiffs are further entitled to an award of treble damages pursuant to 35 U.S.C. § 284.

54. This is an exceptional case under 35 U.S.C. § 285 entitling Plaintiffs to recovery of their reasonably attorneys' fees, costs, and expenses incurred in this action.

## SECOND CLAIM FOR RELIEF – COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

55. Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in paragraphs 1 through 54, above.

56. Plaintiff Admar is, and at all material times hereto, been the owner of the copyright in the Nûby™ Hot Safe Feeding Spoon, as further identified in the attached Copyright application, and is entitled to enforce its copyright and protect itself against copyright infringement. Plaintiff LNC is, and at all material times hereto, authorized to use the copyright in the Nûby™ Hot Safe Feeding Spoon.

57. Pursuant to 17 U.S.C. § 106, Plaintiffs have the exclusive rights to reproduce, display and distribute the Nûby™ Hot Safe Feeding Spoon.

58. In violation of 17 U.S.C. § 501, Defendant has and will continue to violate and infringe Plaintiffs copyright in the Nûby™ Hot-Safe Feeding Spoon by reproducing, displaying, offering to sell and selling the Babie B Feeding Spoons.

59. Upon information and belief, Defendant's acts of copyright infringement were done and continue to be done with knowledge that such actions could constitute infringement of Plaintiffs' exclusive copyright and are, therefore, willful. At a minimum, Defendant acted in reckless disregard of Plaintiffs' copyright in the Nûby™ Hot-Safe Feeding Spoon.

60. Upon information and belief, Defendant will continue to violate Plaintiffs' copyright and continue to unlawfully use that copyright in the Babie B Feeding Spoons unless enjoined by this Court.

61. Defendant does not have a license, authorization, or permission to use Plaintiffs copyright in the Nûby™ Hot-Safe Feeding Spoon or to reproduce, offer for sale and sell Plaintiffs' copyright incorporated in the Babie B Feeding Spoons.

62. As a result of Defendant's infringement of Plaintiffs' copyright in the Nûby™ Hot-Safe Feeding Spoon, Plaintiffs have suffered damages and will continue to suffer damages in an amount yet to be determined. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to recovery of actual damages and any additional profits of Defendant. In the alternative, Plaintiffs are entitled to recover statutory damages pursuant to 17 U.S.C. § 504(c).

63. As a result of infringement of Plaintiffs' copyright, Defendant is causing irreparable injury to Plaintiffs that cannot be fully and adequately compensated at law and will continue to cause irreparable injury unless and until enjoined by this Court. Plaintiffs are entitled to entry of permanent injunctive relief prohibiting continuing copyright infringement by Defendant pursuant to 17 U.S.C. § 502.

64. Plaintiffs are entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**THIRD CLAIM FOR RELIEF – TRADE DRESS - FEDERAL UNFAIR COMPETITION**
**(Lanham Act Violation – 15 U.S.C. § 1125(a))**

65. Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in paragraphs 1 through 64, above.

66. Plaintiff LNC is the original creator, designer and owner of the Nûby™ Spoon Trade Dress, which is inherently distinctive and/or has acquired secondary meaning as an identifier of Plaintiff LNC as the source of the Nûby™ Hot Safe Feeding Spoon.

67. The unique and distinctive visual impression created by the Nûby™ Spoon Trade Dress and the components of that trade dress as identified herein are non-functional.

68. Defendant's advertising, promotion, marketing and sale of the Babie B Feeding Spoons is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendant with Plaintiff LNC or to deceive consumers as to the origin, sponsorship, or approval of Defendant's goods, business and/or products by Plaintiff LNC.

69. Defendant's use of the Nûby™ Spoon Trade Dress constitutes trade dress infringement within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. As a direct consequence of Defendant's unlawful acts and practices, Plaintiffs have suffered, will continue to suffer, and/or is likely to suffer lost sales and profits and injury to its business reputation and goodwill, for which Plaintiffs are entitled to the recovery of damages including enhanced damages.

71. Defendant's actions demonstrate and are consistent with an intentional, willful, malicious, and bad faith intent to trade on the goodwill associated with the Nûby™ Spoon Trade Dress to the significant detriment and damage to Plaintiff LNC.

72. Unless enjoined, Plaintiffs will continue to suffer and/or is likely to continue to suffer damages including injury to its business reputation and goodwill which damage is irreparable and cannot be adequately compensated by money damages entitling Plaintiffs to entry of preliminary and permanent injunctive relief.

73. Plaintiffs are entitled to its costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF
### (Texas Common Law Unfair Competition)

73. Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in paragraphs 1 through 72, above.

74. Defendant markets and promotes the Babie B Feeding Spoons, which are virtual copies of Plaintiffs' patented Nûby™ Hot Safe Feeding Spoon, Plaintiffs' copyright and Plaintiffs' trade dress rights, in Texas.

75. Upon information and belief, Defendant's actions are likely to deceive or confuse consumers as to the affiliation, connection, or association of Defendant with Plaintiffs and to deceive consumers as to the origin, sponsorship, or approval of Defendant's goods, business and/or products by Plaintiffs.

76. Defendant's actions constitute a violation of Texas Common Law.

77. Plaintiffs have been and continue to be damaged by Defendant's actions in an amount to be determined at trial.

78. Upon information and belief, Defendant's actions are willful, deliberate, intentional, and in bad faith.

79. By reason of the foregoing acts, Defendant has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiffs.

80. Plaintiffs have no adequate remedy at law to address these injuries.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor against Defendant and grant the following relief:

A.     For judgment that Defendant has infringed one or more claims of the '562 patent in the importation, use, offer for sale and/or sale of the Babie B Feeding Spoons within the United States in violation of 35 U.S.C. § 271; has violated 17 U.S.C. § 501; has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and has violated the Texas Common Law;

B.     For judgment awarding actual damages and/or statutory damages to Plaintiffs, as the case may be, under 17 U.S.C. § 504, damages adequate to compensate for infringement of the '562 patent, but in no event less than a reasonable royalty, under 35 U.S.C. § 284, and for damages under 15 U.S.C. § 1117, together with prejudgment and post-judgment interest and costs;

C.     For judgment awarding actual and punitive damages to Plaintiffs as proven at trial of this action in accordance with Texas Common Law;

D.     For judgment awarding equitable relief including, but not limited to, entry of a permanent injunction enjoining Defendant and Defendant's officers, agents, servants, employees, representatives, successors, and assigns, and all others acting in concert or participation with them, from continued infringement of Plaintiffs' '562 patent, copyright in the Nûby™ Hot-Safe Feeding Spoon, infringement of Plaintiffs' trade dress and from further act of unfair competition;

E.     For an accounting of all U.S. sales of the Babie B Feeding Spoons.

F.     For judgment that Defendant's violations are willful entitling Plaintiffs' to an increase in the damages up to three times the amount found or assessed;

G.     For judgment awarding Plaintiffs their reasonable attorneys' fees, costs, and expenses incurred in this action; and

H.     For judgment awarding such other and further relief to which Plaintiffs are entitled or the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action on all issues so triable.

Dated:  April 4, 2016            Respectfully submitted,

By: /s/ *Robert M. Chiaviello, Jr.*
**Robert M. Chiaviello, Jr.**
Texas State Bar No. 0249120
E-Mail: bobc@nuby.com
**Joe D. Guerriero**
Louisiana State Bar No. 06391
E-Mail: joed@nuby.com
**Hartwell P. Morse, III** (*pro hac vice*)
Illinois Bar No. 6199527
E-Mail: hartm@nuby.com
**LUV N' CARE, LTD.**
3030 Aurora Avenue, 2nd Floor
Monroe, LA  71201
Tel No.:  (318) 388-4916
Fax No.: (318) 388-5892

*Counsel for Plaintiffs  Luv n' care, Ltd.
and Admar International, Inc.*